[L. A. No. 3252. In Bank.—October 3, 1914.]

## THOMAS C. HINES, Respondent, v. A. W. BRODE, Appellant.

VENDOR AND VENDEE—FRAUD OF VENDOR—MEASURE OF DAMAGES RE-
COVERABLE BY VENDEE.—The measure of damages which a vendee
of land is ordinarily entitled to recover from the vendor in an ac-
tion for fraudulent misrepresentation as to the character or value
of the land, is the difference between the actual value of the prop-
erty and its value had the property been as represented, and the
measure of the recovery is not affected by the price paid; but this
extreme rule should be applied only in clear cases and upon just
terms.

ID.—IMPROVEMENTS PLACED UPON PROPERTY BY VENDEE—RECOVERY FOR
DEPRECIATION IN VALUE.—The vendee in such case may recover for
the depreciation in the value of the improvements which he may
have placed upon the property, a depreciation resulting from the
fact that the actual value of the property is not the represented
value.

ID.—EXECUTORY CONTRACT—RIGHT TO RECOVER FOR FRAUD CONCERNING.
The vendee may recover for the fraud of the vendor, although the
contract of purchase is executory, since the action is not upon the
contract, but collateral to it, and upon the case; but while such an
action for deceit is not upon the contract, nevertheless it grows out
of and in that sense is founded on the contractual relations between
the parties, and therefore the nature and amount of a plaintiff's
recovery must of necessity be controlled by the position which he
takes in reference to that contract upon the discovery of the fraud.

ID.—REMEDIES OF VENDEE UNDER EXECUTORY CONTRACT IN CASE OF
FRAUD.—In such case the vendee may rescind, and, in addition to
the recovery of the consideration with which he has parted, obtain
recoupment for any other special damage to which he has been
subjected by the vendor's fraud; or he may affirm the contract, in
which case he is obliged to accept the burden of the agreement with
its benefits, according to its terms, with the right to a recovery for
the fraud, based upon the fact that the benefits he receives are not
those which, under the representations of the vendor, he was en-
titled to receive. By such affirmance he does not affirm the fraud.

ID.—ACTION BY VENDEE FOR FRAUD—AFFIRMANCE OF EXECUTORY CON-
TRACT—MEASURE OF RECOVERY.—Where, under an executory con-
tract, a vendee seeks recoupment in damages for deceit, while af-
firming the contract (and it must necessarily be an affirmance if
the action be not after rescission), it must be conclusively taken
that he stands ready and willing to pay the full consideration called
for by the contract, and that the damages which he is entitled to

recover are no other and no greater than those which would be awarded to a plaintiff who fully executed his contract; and hence, from the award which the jury may make because of the fraud, must be deducted the unpaid part of the purchase price or the value of any other consideration.

Id.—Amendment of Complaint—Failure to Amend Answer as Admission.—When a complaint is amended at the trial to conform to the proof, the amendment rests upon the evidence, and the failure to deny the amendment by amending the answer is not an admission of the truth of the new matter.

APPEAL from a judgment of the Superior Court of Los Angeles County. M. T. Dooling, Judge presiding.

The facts are stated in the opinion of the court.

George H. Moore, and Charles M. Ackerman, for Appellant.

Kendrick & Ardis, L. L. Dennett, and W. C. Le Hane, for Respondent.

HENSHAW, J.—By his action plaintiff sought damages for the deceit practiced upon him by defendant in the matter of an executory contract for the sale of land. The gravamen of plaintiff's complaint is as follows: He was induced to buy forty acres of land in an arid district of Los Angeles County, upon representation by defendant vendor that there was appurtenant to this land water and a water-right sufficient to raise by irrigation all ordinary crops. A written contract was entered into between the parties which fixed the purchase price of this forty acres of land at two thousand dollars, plaintiff agreeing to pay this amount in installments, with interest upon the deferred payments. He paid two hundred and fifty dollars upon the principal and $61.25 as interest. With the acquiescence of defendant he entered upon the land and made improvements thereon before he discovered the falsity of defendant's representation in regard to the water-right. The value of the land as represented by defendant, with the appurtenant water-right, was four thousand dollars. Without the water-right it was one hundred dollars. The value of the improvements placed by plaintiff upon the land, if it had possessed the water-right, was two thousand dollars. The value of the improvements, placed upon this arid land, was only fifty dollars. The written con-

tract between the parties provided that plaintiff had the privilege to complete his payments and receive his deed and certificate of title at any time before maturity on paying the balance of the purchase price with interest. He alleges that upon September 28, 1911, he made an offer so to do in writing, but that defendant failed and neglected to comply with his offer. The complaint was verified upon the twenty-ninth day of September, the day after this offer was made, and was filed a few days later, upon October 2d. Another progress payment was due under the terms of the contract about a week after the date of the filing of the complaint. Plaintiff further alleged that he "at the time of said offer to pay, ever since and now was and is ready, able and willing to pay said purchase price upon the conditions in said contract until discovery of said fraud." As to the time of discovery plaintiff alleges that he learned of the falsity of the representations "within the last few days." As he verified this complaint upon the twenty-ninth day of September and made his offer of performance on the twenty-eighth day of September, it is not to be questioned but that he knew of this asserted falsity at the time he made such offer of performance. He has remained and still remains in possession of the land under claim of right so to do, basing this claim of right upon the contention that because of his offer of performance he has fulfilled all the terms and conditions of his contract. He repudiates any suggestion that his action should be treated under these circumstances as an action for rescission, and with equal vehemence denies that if his action be considered as in the nature of an affirmance of the contract, it is his duty to do any more than he has done. He laid his damages in the sum of $6211.25, and by the verdict the jury was awarded damages in the sum of four thousand dollars. The somewhat surprising result of this litigation, therefore, is that plaintiff having contracted to pay two thousand dollars for a piece of land, and having paid on account of the purchase price $311.25, gets the land, gets the improvements which he had placed upon the land, and gets four thousand dollars in money beside, or, reversing the statement, defendant who sold the land for two thousand dollars, gets $311.25 and is obliged to give up the land and four thousand dollars with it.

If for no other reason, the singularity of such a result challenges scrutiny. It should at once be stated, however, that the

rule of damages in cases such as this, long announced in this state, and reaffirmed under review of the authorities in *Spreckels* v. *Gorrill,* 152 Cal. 383, [92 Pac. 1011], and in *Bechtel* v. *Chase,* 156 Cal. 707, [106 Pac. 88], will in a proper case justify such an award as was here made. That rule declares that the measure of damages which a person is ordinarily entitled to recover in an action for deceit in the sale of property is the difference between the actual value of the property and its value had the property been as represented, and that the measure of recovery is not affected by the price paid. The price paid may be considered only as evidence of value. Therefore in a proper case a wronged plaintiff may assert, as here, and, if possible, show, that the actual value of the property was only one hundred dollars and that its value if the property had been as represented was four thousand dollars. He may likewise show and recover for the depreciation in the value of the improvements which he may have placed upon the property—a depreciation resulting from the fact that the actual value was not the represented value; and he may also recover for any other legitimate expenditures he may have made. This is not only the rule in California, but it is declared to be the rule under the great weight of authority. The opposing rule is that which obtains in England and in the courts of the United States. That rule refuses to recognize as a legitimate element of damage the prospective profits which the vendee expected to make by his transaction. It points out that damages at law are compensatory merely (where not strictly exemplary) and make good to an injured party in terms of money the loss or injury which he has sustained, so that if a vendee buys and pays two thousand dollars for a piece of land worth only one hundred dollars, he may, either by rescinding recover the two thousand dollars with interest for its detention, and thus be made whole, or he may retain the land worth one hundred dollars and recover back one thousand nine hundred dollars of the purchase price, and thus be made whole. The authorities dealing with these two opposing views need not be cited. They will be found collated and discussed in *George* v. *Hesse,* 100 Tex. 44, [123 Am. St. Rep. 772, 15 Ann. Cas. 456, 8 L. R. A. (N. S.) 804, 93 S. W. 107]; *Tooker* v. *Alston,* 159 Fed. 599, 16 L. R. A. (N. S.) 818, [96 C. C. A. 425]; *Stoke* v. *Converse,* 153 Iowa, 274, [Ann. Cas. 1913E, 270, 38 L. R. A. (N. S.) 465, 133 N. W.

709], and 20 Cyc. 135, and in the notes to those citations. The conflict of authority upon the measure of damages in cases such as this is here adverted to for the purpose only of pointing out that the rule adopted in this state is the extreme rule, and it should therefore be applied only in clear cases and upon just terms.

It has hereinbefore been said that such recovery may be had in proper cases upon proper showing. The cases generally and indeed almost universally are cases in which the defrauded party has executed the contract, has paid his price or consideration and electing to stand on his contract and not to rescind, sues for damages for the deceit. The cases are such as this would have been had the plaintiff paid the two thousand dollars in full, and thereafter, upon discovery of the fraud, sought this recovery. The unusual feature of this case is that as to this plaintiff the contract is still in large part executory. He has paid but a trifling amount of the purchase price and he is not aided by his pretended offer of complete performance. Pretended, we say, because the very pleading itself discloses and declares that plaintiff was not willing to perform after discovery of the fraud, and further that he made his discovery of the fraud before his offer. But while the case in this respect is unusual, it is not exceptional. It is a principle of universal application that the right of action for damages for a fraud arises at once immediately upon the consummation of the fraud and of course upon its discovery. The consummation of a fraud may arise in a contract executed or executory. But in either case the right of action immediately exists. This is so, because even in the case of an executory contract the action for fraud is not upon the contract, but is collateral to the contract and is on the case. (*Whitney* v. *Allaire,* 1 N. Y. 305; *Allaire* v. *Whitney,* 1 Hill (N. Y.), 484; *Applebee* v. *Rumery,* 28 Ill. 280; *Eames* v. *Morgan,* 37 Ill. 261; *West Florida Land Co.* v. *Studerbaker,* 37 Fla. 28, [19 South. 176]; *Maxwell* v. *Sherman,* 172 Ala. 626, [55 South. 520]; 1 Page on Contracts, sec. 132; 20 Cyc. 92.)

But while such an action for deceit is not upon the contract, nevertheless it grows out of and in that sense is founded on the contractual relations between the parties. Therefore the nature and amount of a plaintiff's recovery must of necessity be controlled by the position which he takes in reference to that contract upon the discovery of the fraud. First, the

vendee may rescind, and, in addition to the recovery of the consideration with which he has parted, obtain recoupment for any other special damage to which he has been subjected by the vendor's fraud. This he may do in every case where the contract is not wholly executed; and even where it has been executed by both parties, equity, if the facts will warrant, meaning hereby if no other innocent rights have intervened, may annul the contract for the fraud and restore the parties to their original position. In such a case also the vendee would have his action for damages for the deceit. The alternative to a vendee under such circumstances, and the only other course which he may follow, is that founded upon an affirmance of the contract. Here the vendee is obliged to accept the burden of the contract with its benefits, according to its terms, with the right to a recovery for the fraud based upon the fact that the benefits which he receives are not those which, under the representations of the vendor, he was entitled to receive. This last presents the usual situation in actions of this nature under executed contracts. Nor is it true that by an affirmance of the contract the vendee affirms the fraud. Such a declaration it will be impossible to find in any well considered case. The true principle is well stated in *Whitney* v. *Allaire,* 1 N. Y. 305, as follows: "It is true that if a party affirms a contract with knowledge of the fraud he affirms it wholly, and this, whether it is executory or partially executed. But in neither case does he affirm it as a contract made in good faith. He consents to be bound by the provisions of the agreement, but does not thereby release or waive his claim for damages arising from a fraud collateral to the agreement." That but one of these two courses and none other is open to a vendee under an executory contract, whether the vendor's wrong rests in fraud or breach of warranty, is not debatable under the authorities elsewhere as well as in this state. (*Gates* v. *McLean,* 70 Cal. 42, [11 Pac. 489]; *Worley* v. *Nethercott,* 91 Cal. 517, [25 Am. St. Rep. 209, 27 Pac. 767]; *Garvey* v. *Lashells,* 151 Cal. 526, [91 Pac. 498].)

As it is humanly impossible for a man in the same breath to affirm and to repudiate an agreement, so is it legally impossible that he should have the same redress upon repudiation and rescission as upon acceptance and complete execution. It has already been pointed out that plaintiff's pleading in this regard is most anomalous. He begins his action for

deceit upon an executory contract, as he has the unquestioned right to do. He does not repudiate and rescind, and protests against the contention that he is called upon to rescind. He does not affirm and express his willingness to complete his contract, but to the contrary expressly pleads that he was only willing to complete it up to the time of the discovery of the fraud. If he had executed his contract by the full payment of the two thousand dollars and then brought this action, the measure of damage and his consequent right of recovery would not for a moment be in question. It would be the measure of damage laid down by the trial court to the jury and hereinbefore declared. But what then would have been the precise situation? Plaintiff would have paid two thousand dollars and his recovery would have been the proved difference between the actual value of the land, pleaded as one hundred dollars, and the value if the land had been as represented, pleaded as four thousand dollars, with the additional loss which plaintiff had sustained in his proved expenditures by way of improvements, declared to be one thousand nine hundred and fifty dollars. But under the case as presented by the pleadings and to the jury, plaintiff was entitled to this full recovery under an executory contract which he had not completed, which he refused to complete, and upon which he had paid but a trifling part of the purchase price. It is intolerable to think for a moment that in such a case the recovery to a man who has not completed his contract and declares his unwillingness to complete it by the payment of the money called for under the contract, should be larger than that to a man who has fairly accepted the contract, parted with the full consideration called for by it and seeks legitimate recoupment for fraud under a rule and measure of damage thoroughly well settled.

Little or no light upon the true measure of damages in such a case is afforded by the authorities. But three that have come under our observation seem even to have had the question in mind. In *Whitney* v. *Allaire,* 1 N. Y. 305, where the false representation was as to the value of a leasehold, with a rent charge fixed thereon in accordance with the represented value, it is said: "It is conceded that if the contract had been partly executed, even in the most trifling particular, the defendant would have the right to rescind and bring his action for the deceit, or affirm the contract and have his remedy by

way of recoupment when sued for the rent.'' That this is a fair and reasonable admeasurement of damage no one may question. In *Applebee* v. *Rumery*, 28 Ill. 280, the plaintiff had given two promissory notes for the purchase of a horse which was diseased. He brought his action for damages for the deceit. The purchase price was two hundred dollars. The damages laid for the deceit are not·indicated in the opinion of the court. But it is said ''The gravamen of the action was the deceit and warranty, and the amount to be recovered was not the money paid, but the depreciation in value of the horse, in consequence of the disease, and it was no matter, whether the consideration was more or less than two hundred dollars; or whether it was paid down or not. . . . The amount, mode, or time of payment is not material; so as the sale was upon a sufficient consideration to sustain it. The giving of the two promissory notes was a sufficient consideration; nor could the defendant defeat the right of the plaintiff to recover, by showing that the notes were still in his hands unpaid; though it may be that he might, upon a proper notice, bring the notes into court and offer to surrender them in mitigation of the damages to that extent, but we will not now affirm that·even this could be done.'' Here a determination of the question of affirmance or disaffirmance, and of the right to reduce the award of damages by the value of the promissory notes is clearly avoided. In *Williams* v. *McFadden*, 23 Fla. 143, [11 Am. St. Rep. 345, 1 South. 618], the action was for deceit in the sale of land, the contract having been fully executed. The court declared the rule of damages to be that which, as above shown, has been adopted in this state. In the later case of *West Florida Land Co.* v. *Studerbaker*, 37 Fla. 28, [19 South 176], plaintiff's action was for deceit in the sale of lands. Plaintiff had paid the purchase consideration partly in cash and partly by his promissory note, which was unpaid. He affirmed his contract and sued for damages. The supreme court declared that though the contract was executory in the sense that the full purchase price had not been paid, this fact did not bar the right of recovery. But further declared that ''owing to the imperfect manner in which the facts of this case have been presented, we do not feel called upon to express an opinion as to the rule for measure of damages where the purchase price of the land has been only partially paid, and whether or not it would be

the same announced in *Williams* v. *McFadden*, 23 Fla. 143, [11 Am. St. Rep. 345, 1 South. 618].'' The foregoing presents all the light which we have been able to obtain from the adjudications, and it must be apparent that they are not even persuasive, much less conclusive.

Nevertheless, we think the rule not difficult of determination. Where, under an executory contract, a plaintiff seeks recoupment in damages for deceit while affirming the contract (and it must necessarily be an affirmance if the action be not after rescission) it must be conclusively taken as to such plaintiff that he stands ready and willing to pay the full consideration called for by the contract, and that the damages which he is entitled to recover are no other and no greater than those which would be awarded to a plaintiff who had fully executed his contract. Therefore, in case of an executory contract, from the award which the jury may make because of the fraud, must be deducted the unpaid part of the purchase price or the value of any other consideration. And to this effect the jury should be instructed.

Reference has been made to the peculiar form of the complaint in this case. It neither pleads in rescission, nor yet does it plead for damages after affirmance. Under the reversal of this case which must be had, leave should be given to plaintiff to amend his complaint so as to state in understandable terms the position upon this all-important question which he elects to take and which, as has been said, can be only one of two—damages after rescission or damages after affirmance, with alleged and proved willingness and ability to perform the terms of the contract.

But one other matter, and that a minor one, merits consideration. The trial court instructed the jury that ''It is admitted by the pleadings in this case that the land described in the complaint did not have appurtenant to it a water-right sufficient for irrigation.'' In the original complaint plaintiff alleged that defendant fraudulently represented and stated to the plaintiff ''That the land had appurtenant to it a water-right sufficient for the irrigation of the land for the raising of ordinary crops.'' Defendant denied that he ''had fraudulently or otherwise made such representation.'' Upon the trial plaintiff introduced evidence in an effort to show that such a water-right was not in fact appurtenant to the land sold. The court permitted an amendment of plaintiff's com-

plaint to conform to the proof, which amendment was to the effect "That defendant has not now and never had any water-right appurtenant to said land." This amendment so made was not in terms denied by any amendment to the answer, and respondent here urges that the instruction was justified because this failure so to deny by amendment to the answer was an admission of the truth. Such is not the rule of pleading in this state. (*Hedstrom* v. *Union Trust Co.*, 7 Cal. App. 278, [94 Pac. 386]; *Myers* v. *Holton*, 9 Cal. App. 114, [98 Pac. 197]; *McDougald* v. *Argonaut*, 117 Cal. 87, [48 Pac. 1021].) The instruction should not have been given.

Wherefore the judgment and order appealed from are reversed.

Lorigan, J., Sloss, J., Shaw, J., and Melvin, J., concurred.