[L. A. No. 3685.   In Bank.—June 1, 1917.]

CORA D. CROSS et al., Respondents, v. CORA D. BOUCK et al., Appellants.

LEASE—COVENANT AGAINST ASSIGNMENT—SUBLEASE—ASSIGNMENT OF SUBLEASE.—The execution by an original tenant of a sublease is not a violation of a provision of the original lease against assignment. Such sublease, itself containing no restriction upon the right of assignment, may be assigned without the consent of the original lessor, notwithstanding the original lease contained a covenant against assigning.

FALSE REPRESENTATIONS—PRESENT CONDITION AND PAST EARNINGS OF PROPERTY.—Representations by the lessee of an apartment house regarding its present condition and past earnings, made to an assignee of the lease, related to matters of fact and not of opinion.

ID.—PLEADING—CAUSE OF ACTION FOR DECEIT.—A complaint by the assignee of such lease, who had taken the lease in exchange for a lot of land, charging that such representations were false and knowingly made, with intent to induce the plaintiff to enter into the contract of exchange, and that plaintiff was deceived thereby, and did in reliance thereon enter into the contract and transfer the land, states a cause of action for deceit.

ID.—MEASURE OF DAMAGES—EXCHANGE.—The true measure of the damage suffered by one who is fraudulently induced to make a contract of exchange of property is the difference between the actual value of that which he parts with and the actual value of that which he receives under the contract.

ID.—FINDING—VALUE OF PROPERTY TAKEN IN EXCHANGE.—A finding that such lease was valueless cannot be disregarded on appeal as being outside of the issues, notwithstanding the absence of such an allegation in the complaint, where evidence bearing upon its value or want of value was introduced on both sides without objection.

ID.—SINGLE MATERIAL MISREPRESENTATION.—In such action the plaintiffs were not required to establish the making and the falsity of every representation alleged by them. A single material misrepresentation will suffice to support the action for damages for the deceit.

APPEAL from a judgment of the Superior Court of Los Angeles County. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

Joseph W. Mowell, for Appellants.

John S. Cooper, and W. R. Law, for Respondents.

SLOSS, J.—This action was brought to recover damages for deceit.

The amended complaint alleges that on or about the twenty-eighth day of September, 1912, the plaintiffs were the owners of certain real property in the county of Los Angeles, of the value of five thousand dollars. On that day the defendants represented to the plaintiffs that they, defendants, were the owners of an unexpired lease for seven years of an apartment house known as the Navarro Apartment Hotel, in the city of

Los Angeles, together with a lease for the same period of the furniture and equipment in said house. On said day, for the purpose of inducing plaintiffs to transfer and trade their real property described in the amended complaint to the defendants, in consideration for said leases, the defendants knowingly made certain false and fraudulent representations to plaintiffs, with intent to deceive and defraud plaintiffs, and to procure their property above described. The pleading then goes on to describe the alleged fraudulent representations. Two of these related to the ownership by the defendants of the lease of the apartment house and the furniture therein, and their ability to assign such lease. The others, briefly stated, were that the apartment house was then paying in rentals more than the expenses of operation; that no apartment in the house was rented for less than forty-five dollars per month; that but seven apartments were then vacant; that the house, at all times theretofore, paid expenses for the entire year, with the exception of one summer month; that when all the apartments were rented, the apartment house would produce a profit of seven hundred dollars per month; and that, in each preceding year, it had produced a net profit of over two thousand dollars per year. All of these representations are alleged to have been false, and known by the defendants to be so. Plaintiffs, relying upon the truth of said statements, were induced thereby to enter into an agreement for the transfer by them to defendants of all of the real property described in the complaint, in consideration of the transfer by defendants to them of the unexpired lease on the apartment house and the furniture and equipment therein. Plaintiffs did, pursuant to such agreement, transfer and assign to the defendants their said real property. Plaintiffs entered into "tentative possession" of the apartment house, and upon discovering the falsity of the representations, relinquished the possession. It is further alleged that the defendants failed and refused to give the plaintiffs a good and valid lease to said apartment house and furniture. Damages were asked in the sum of ten thousand dollars, consisting of five thousand dollars, the value of the property transferred to the defendants, and other items. Except with respect to the value of the property transferred to the defendants by plaintiffs, the court made findings in substantial accord with the averments of the complaint. The

value of the property was found to be two thousand eight hundred dollars. Among the findings was one to the effect that the plaintiffs received nothing of value in consideration of their transfer of such property. The court entered judgment in favor of the plaintiffs for two thousand eight hundred dollars, and the defendants appeal from such judgment.

Much of the discussion in the briefs turns on the question whether the defendants made any misrepresentations regarding their ability to assign the lease of the apartment house and the furniture therein to the plaintiffs, and whether they did, in fact, make such assignment. An assignment was actually executed, but the theory of the plaintiffs seems to be that such assignment was invalid for want of the lessor's assent thereto. This theory is not sustained by the evidence. It appears that the owner of the apartment house had originally made a lease which contained a covenant against assigning, but none against subletting. The lease which was the subject of negotiation between the parties to this action was a new lease from the original tenant, upon different terms and conditions. On its face it was designated, and rightly designated, as a "sublease." Its execution was not a violation of the provision of the original lease against assignment. (24 Cyc. 974.) The sublease itself contained no restriction upon the right of assignment. The defendants, therefore, had a right to assign their sublease without the consent of anyone, and the findings based upon this phase of the case are without support.

But the complaint alleged, and the court found, other grounds ample to make out a cause of action for damages for deceit. The representations regarding the present condition and the past earnings of the apartment house related to matters of fact, not of opinion. It is charged that these representations were false, and that they were knowingly made, with intent to induce the plaintiffs to enter into the contract; that plaintiffs were deceived thereby, and did in reliance upon these representations enter into the contract and transfer their real property. Here we have every allegation necessary to a complete cause of action for deceit. In *Rockefeller* v. *Merritt,* 76 Fed. 909, [35 L. R. A. 633, 22 C. C. A. 608], it is said: "The true measure of the damages suffered by one who is fraudulently induced to make a contract of . . . exchange of property is the difference between the actual value of that which

he parts with and the actual value of that which he receives under the contract.'' This rule is approved in *Barbour* v. *Flick,* 126 Cal. 628, 633, [59 Pac. 122]. The complaint alleges, in effect, that the plaintiffs, relying upon the fraudulent representations, transferred property worth five thousand dollars, in consideration of the promised assignment of a lease, and that the lease was not assigned to them. The complaint therefore stated a cause of action, and there is no merit in the claim that the demurrer of the defendants should have been sustained.

It is true, as above stated, that the finding that the lease was not assigned to plaintiffs is not supported by the evidence, but we have the further finding that the plaintiffs received nothing of value from the defendants. This finding would be supported by evidence that the lease which the defendants proposed to assign had no value, and we find that the record contains substantial evidence to this effect. While it is true that the complaint did not allege that the lease was valueless, it appears that evidence bearing upon its value or want of value was introduced on both sides without objection. The appellants having treated this question as an issue in the case, they will not, on appeal, be heard to say that the finding must be disregarded as outside of the pleadings.

The appellants attack the sufficiency of the evidence to support the findings relative to the misrepresentations alleged in the complaint. Undoubtedly, there was a sharp conflict regarding these matters, but the trial court believed the testimony offered by the plaintiffs, and this determination is, under our well-settled rules, conclusive here. The plaintiffs were not bound to establish the making and the falsity of every representation alleged by them. ''A single material misstatement knowingly made with intent to influence another into entering into a contract, will, if believed and relied on by that other, afford as complete ground for rescission as if it had been accompanied by a multitude of other false representations.'' (*Davis* v. *Butler,* 154 Cal. 623, 626, [98 Pac. 1047].) A single material misrepresentation will likewise suffice to support an action for damages.

While a different conclusion might have been reached by the trial court, we are satisfied that the evidence was sufficient to warrant the finding that the plaintiffs believed the repre-

sentations made by the defendants, and were induced by their belief and reliance upon such representations to enter into the contract. Here, again, we have simply the situation of a conflict in the evidence, in the face of which the finding of the trial court is binding.

We think no other point made is of sufficient importance to require special discussion, or to affect the conclusion already indicated.

The judgment is affirmed.

Shaw, J., Melvin, J., Henshaw, J., and Angellotti, C. J., concurred.

Rehearing denied.