[Civ. No. 2135. First Appellate District.—September 7, 1917.]

# GEORGE COPLE CO., Appellant, v. EDWARD B. HINDES, Respondent.

Fraud—Exchange of Real Properties—Concealment of Erection of Building Below Street Grade — Pleading — Authority of San Francisco Board of Public Works to Establish Grades—Sufficiency of Complaint.—In an action to recover damages for alleged fraud and deceit occurring in the course of an exchange of real properties, wherein the plaintiff received a parcel of land in the city and county of San Francisco upon which a building had been erected prior to the exchange, and which the complaint alleged had been erected below the official grade of the street as established by the board of public works, which fact had been concealed from the plaintiff in making the exchange in question, the complaint is not subject to special demurrer for failure to disclose by what authority such board established any grade other than grades upon which streets must be constructed, since the board derives its powers from the charter, and the charter being a state law, it was not necessary to plead its terms.

Id.—Pleading—Amount of Damages—Sufficiency of Complaint.—In an action for deceit in an exchange of real properties, the complaint is not subject to special demurrer for uncertainty· as to damages because of the fact that the special damages alleged fail to aggregate the total damages prayed for, where certain matters are also alleged out of the existence of which general damages would necessarily arise.

Id.—Measure of Damages.—In an action for deceit in the sale or exchange of property, the party defrauded is entitled to recover the difference between the actual value of what he received and the value which it would have had if the representations had been true.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George E. Crothers, Judge.

The facts are stated in the opinion of the court.

John Ralph Wilson, for Appellant.

Perry Evans, for Respondent.

RICHARDS, J.—This is an appeal from a judgment against the plaintiff after an order sustaining the defendant's

demurrer to the plaintiff's second amended complaint, the plaintiff having declined to further amend its pleading.

The action is one for the recovery of damages for the alleged fraud and deceit of the defendant occurring in the course of an exchange of real properties between the parties to the action. The property which the plaintiff received in such exchange consisted of a piece of real estate in the city of San Francisco upon which a building had been erected prior to said exchange. The complaint undertakes to set forth circumstantially and in detail the particulars wherein the alleged fraudulent misrepresentations and concealments of the defendant consisted, and it is at certain of these averments that the special demurrer of the defendant is aimed.

The complaint alleged that the building which the plaintiff received from the defendant "was erected upon a grade below the official grade theretofore established by the Board of Public Works for said Sixth Street for the erection of said building thereon"; and further alleges as one of the specifications of fraud "that defendant concealed from plaintiff the fact that the building was built far below the official grade required by the building laws of the city and county of San Francisco." It is averred in this connection that the building was found to be a mean depth of six inches below the curb line of the street as established by the board of public works; and it is also alleged that the board of public works has control of the grades of public streets by virtue of its powers derived from the charter of the city. The special demurrer aimed at these allegations was that "it cannot be ascertained therefrom by what authority the Board of Public Works therein mentioned established or could establish any grade other than grades upon which streets must be constructed."

We are of the opinion that the complaint was sufficiently definite to avoid this ground of demurrer. The board of public works of the city of San Francisco derives its powers from the charter of said municipality, and the charter being a state law, it was not necessary to plead its terms in order to show that the board had the authority it is alleged to have exercised in the establishment of the official grade of Sixth Street, and we think it otherwise sufficiently clear that the gravamen of the plaintiff's complaint in regard to this particular charge was that the building had been erected below the official grade of the street, which fact had been concealed from the plain-

tiff by the defendant in making the exchange in question. Whether such concealment was actionable must of course depend upon the proofs at the trial of the cause.

The other ground of special demurrer urged by the respondent before the trial court was that it could not be ascertained from the plaintiff's complaint how the plaintiff had been damaged in the sum of ten thousand dollars or any other sum.

The complaint in this behalf alleged that to cure certain alleged defects in the construction of the basement floor of the building would cost $3,430, and that to raise the building to the official grade would cost $5,203. These are items of special damage, and are therefore specifically set forth in the complaint, and it is also and further alleged therein that the plaintiff has been damaged in the sum of ten thousand dollars, for which sum judgment is sought. The respondent adds together the two above specified items of special damage and finds that they aggregate only $8,633, and hence argues that an uncertainty arises out of the fact that the plaintiff alleges his total damages to be ten thousand dollars. But no such uncertainty exists. The complaint alleged certain matters out of the existence of which general damages would necessarily arise. It was not necessary to specify these in the complaint; they were covered by the general averment of the prayer; and the fact that the items of damage which were required to be specifically averred did not aggregate the total damages alleged to have been sustained created no uncertainty in the complaint, since the necessary inference was that all of the damages claimed by the plaintiff above the aggregate of the alleged special damages were general damages, and recoverable as such. We are therefore of the opinion that in so far as the general order of the trial court is to be construed as sustaining the special demurrer of the defendant, the court was in error.

It is, however, contended by the respondent that if the order of the court sustaining his demurrer can be justified upon any of the grounds alleged therein this appeal must fail. There is no doubt as to the correctness of this position; but in order to sustain the ruling of the trial court, the respondent must succeed in showing that his general demurrer was good.

The only objection urged against the sufficiency of the complaint as stating a cause of action is that the complaint fails to show that the property which the plaintiff received in the exchange was actually of less value than the property which it gave in the exchange. It was the contention of the respondent in the trial court and his contention here that the rule and measure of damages in cases of this character is such that a plaintiff is only entitled to recover the difference between the actual value of that which he parts with and the actual value which he receives under the contract of exchange, and that this plaintiff, in failing to bring the averments of his complaint within this rule, has failed to state a cause of action.

The difficulty with respondent's position is that the supreme court of this state, in the recent case of *Hines* v. *Brode,* 168 Cal. 507, 509, [143 Pac. 729], has seen fit to declare a different rule of damages in cases of this character than that for which the respondent contends, viz.: "That the measure of damages which a person is ordinarily entitled to recover in an action for deceit in the sale of property is the difference between the actual value of the property and its value had the property been as represented." It is conceded that the plaintiff's complaint is sufficiently tested by this rule, and since the above statement of the rule in *Hines* v. *Brode, supra,* is, in our opinion, not dictum in that case, it is binding upon this court, and hence an extended review of the cases cited by the respondent from other jurisdictions in an effort to overthrow the rule would serve no useful purpose.

Tested by the foregoing rule the plaintiff's complaint was sufficient as against the defendant's general demurrer, and hence the order of the court sustaining the same was error.

The judgment is reversed, with instructions to the trial court to overrule the defendant's demurrer on all the grounds urged therein.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 6, 1917, and the following opinion then rendered thereon:

THE COURT.—The petition for transfer to and hearing in this court is denied.

The opinion of the district court of appeal declares the law of this state, with respect to the measure of damages in an action for deceit in the sale or exchange of property, to be settled by our decision in *Hines* v. *Brode,* 168 Cal. 507, [143 Pac. 729], and cases there cited. The rule thus laid down is that the party defrauded is entitled to recover the difference between the actual value of what he received and the value which it would have had if the representations had been true. While the authorities in other jurisdictions are conflicting, the weight of decision, and, we think, the better reasoning, support this rule.

There would be no occasion to say more on the subject, but for the fact that the respondent contends, with some justice, that our own decisions on the point are not in harmony. He calls attention, in particular, to *Cross* v. *Bouck,* 175 Cal. 253, [165 Pac. 702], decided in this court since the case of *Hines* v. *Brode, supra.* In *Cross* v. *Bouck, supra,* it was held that on an exchange of property fraudulently induced, the plaintiffs, who had received nothing of value, might recover the actual value of the consideration transferred to the defendants. On the facts of the case, as it was presented, the rule was proper. One who has, by fraud, been induced to part with property, receiving nothing in return, must be entitled to recover at least the value of what he has thus given. He is certainly damaged to the extent of the consideration thus obtained from him. And this was all that was sought by the plaintiffs in *Cross* v. *Bouck.* They did not ask for the more liberal award which they might have claimed upon showing the value which would have attached to the property they bargained for, if the facts had been as represented. The opinion, like all opinions, must be read in the light of the case presented for decision. The expressions of the court in *Cross* v. *Bouck,* while not so carefully guarded as they might have been, were not intended to throw any doubt upon the soundness of the rule established in this state by *Hines* v. *Brode* and earlier cases.