[Civ. No. 3511.   First Appellate District, Division One.—September 21, 1920.]

FRANK M. McKEEVER, Respondent, v. LOCKE-PADDON COMPANY (a Corporation), Appellant.

[1] FINDINGS—TRIAL BY JURY—STIPULATION OF COUNSEL.—Where an action for damages for fraudulent representations was tried before a jury upon the express stipulation of counsel that the jury should sit in an advisory capacity and that the form of the verdict might be general and, if supported by substantial evidence, form the basis of the court's judgment, the necessity of findings was not thereby obviated, but the court was required to give its decision in writing as provided in section 633 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. H. Cabaniss, Judge. Reversed.

The facts are stated in the opinion of the court.

J. L. Smith for Appellant.

Reisner & Honey for Respondent.

KINSELL, J., *pro tem.*—Action was brought for damages alleged to have been sustained by plaintiff in connection with real estate trade through fraudulent representations of the defendant.

The case was tried before a jury upon the express stipulation of counsel that the jury sit in an advisory capacity and that the issues to be determined need not be specialized but that the form of the verdict might be general, that the court should accept such verdict, in the event that it had substantial support, as the basis of the court's judgment. The verdict was for the plaintiff, and judgment was entered on the verdict.

Defendant appeals, and specifies a number of alleged errors, among which is the specification that notwithstanding the fact that the jury acted solely in an advisory capacity the trial judge failed to file any written decision, findings of fact, conclusions of law, or order adopting the verdict of the jury as required by the code. If this point be well taken all other matters in the voluminous record become immaterial.

[1] It would seem that the appellant's contention is correct. The calling of the jury in an advisory capacity made it a trial by the court, and necessitated a written decision by the court (Code Civ. Proc., sec. 632), as well as findings of fact and conclusions of law. (Code Civ. Proc., sec. 633; *Vallejo etc. R. R. Co.* v. *Reed Orchard Co.*, 169 Cal. 545, [147 Pac. 238]; *Holland* v. *Kelly*, 177 Cal. 43, [169 Pac. 1000].)

The case of *Johnson* v. *Mina Rica etc. Co.*, 128 Cal. 521, [61 Pac. 76], cited by respondent, is not in point, since in that case it was stipulated "that the jury should *try* the legal issues tendered by the answer, and that these issues should be *determined* by a general verdict in favor of the plaintiff

or in favor of the defendant.'' The stipulation in this case was not to the effect that the jury in giving a general verdict should try or determine the cause. On the contrary, the stipulation expressly provided that the jury should sit in an advisory capacity and that its verdict might be the basis of the court's judgment. The mere fact that it was agreed that the verdict might be in ''general form'' does not, as respondent contends, bring this case within the rule of the Johnson case so as to obviate the necessity of findings.

Judgment reversed and cause remanded to the trial court, with directions to give its decision in writing as provided in section 633 of the Code of Civil Procedure, and enter judgment accordingly.

Richards, J., and Waste, P. J., concurred.