[Civ. No. 3889. First Appellate District, Division One.—May 31, 1922.]

## FRANK M. McKEEVER, Respondent, v. LOCKE-PAD-DON COMPANY (a Corporation), Appellant.

[1] Fraud — Value of Land — Misrepresentations. — Misrepresentations concerning the value of land made by a party to a real estate trade are alone sufficient to constitute fraud where the party to whom the representations are made is not acquainted with conditions and land values in the locality where the land is situated, has not sufficient opportunity to investigate, and relies on the statements made.

[2] Id.—Exchange of Real Estate—False Representations—Measure of Damages.—In an action for damages for false representations sustained in connection with a real estate trade into which plaintiff was induced to enter through the fraudulent representations of the defendant, it was not necessary to find the value of the land exchanged by the plaintiff, since his measure of damage was the difference between the actual value of the property received and its value had the property been as represented.

[3] Id.—Ratification of Exchange—Finding.—Where in such action it was alleged as an affirmative defense that the plaintiff ratified the exchange in various ways, and the court found that there was no ratification, it was unnecessary to further find on each reason upon which the defendant claimed the ratification was predicated.

[4] Id. — Essentials of Fraud — Conflict of Evidence — Finding — Appeal.—Where in such action the evidence on the essential elements constituting the fraud was conflicting, the decision of the trial court thereon must prevail.

[5] Id.—Value of Defendant's Land—Evidence—Finding.—Where in such action the defendant conceded its land to be worth no more than sixteen dollars per acre, and the evidence showed that it was worth no more than five dollars per acre, it was not in a position to complain of a valuation of twenty-eight dollars and seventy five cents per acre fixed by the court.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Cabaniss, Judge. Affirmed.

1. Right to rely on representations as to value of property sold, notes, 8 Ann. Cas. 1062; 37 L. R. A. 605.

2. Measure of damages for false representations inducing exchange of property, note, 15 Ann. Cas. 458.

The facts are stated in the opinion of the court.

J. L. Smith for Appellant.

Reisner & Honey for Respondent.

KNIGHT, J., *pro tem.*—In this action the plaintiff, Frank M. McKeever, recovered a judgment against the defendant, Locke-Paddon Company, a corporation, for damages sustained in connection with a real estate trade into which plaintiff was induced to enter through the fraudulent representations of the defendant. On stipulation of the parties the action was tried before a jury, sitting in an advisory capacity, and a general verdict was rendered in favor of plaintiff for $3,500. The trial judge failed to file any written decision, findings of fact, or conclusions of law, or any order adopting the verdict, but merely entered judgment on the verdict. An appeal was taken by defendant and the judgment was reversed and the cause remanded, with directions to the trial court to give its decision in writing as provided in section 633 of the Code of Civil Procedure, and to enter judgment accordingly. (*McKeever* v. *Locke-Paddon Co.,* 49 Cal. App. 350 [193 Pac. 258].) Thereafter the trial court adopted the verdict of the jury, filed its decision containing its findings of fact and conclusions of law, and judgment was entered in accordance therewith. The defendant has again appealed from the judgment.

Appellant's grounds of appeal are in effect an attack upon the entire record in the case. Among the numerous grounds urged are that the amended complaint is fatally defective; that the findings are insufficient in form and incomplete in substance and do not support the judgment; that the evidence is insufficient to support the findings; that the court erred in the exclusion of evidence offered by defendant, and that the amount of damages allowed by the jury was arrived at in an illegal manner.

The record discloses that on December 23, 1916, the plaintiff McKeever agreed to exchange certain real property situate in Palo Alto, Santa Clara County, for two pieces of real property, represented as belonging to the defendant Locke-Paddon Company, one being situate in

Alameda County and the other in Yolo County. The exchange was consummated on January 18, 1917.

During the trial the court withdrew from the jury the issues as to the Alameda County property and afterward found against the plaintiff on those issues, upon the ground that that transaction was free from fraud. We are therefore concerned here only with the transaction involving the Yolo County property.

In this respect it is alleged in the amended complaint that the defendant fraudulently represented to plaintiff "that said Yolo County property contained eighty (80) acres of comparatively level farming land and eighty (80) acres of pasture and woodland, said woodland being timbered with large oak trees, which were very valuable when cut; that said Yolo County property was worth sixty dollars ($60) per acre and was accessible by a good road."

Appellant contends first that because of the allegations in the amended complaint to the effect that it was represented by defendant that part of the Yolo property was "timbered with large oak trees, which were very valuable *when cut,*" that the trees must be considered separately from the land and dealt with as personal property, and that since there is no allegation in the amended complaint as to the value of those trees "when cut" independent of the allegation as to value of the real estate, that the amended complaint fails to state a cause of action.

The allegation in question will not, we think, bear such technical construction. It is elementary that growing timber is part and parcel of the land. (Sec. 658, Civ. Code; *Sears* v. *Ackerman,* 138 Cal. 583 [72 Pac. 171].) There is no claim made that any part of the timber here was severed from the soil. The parties assumed to deal with land, and the apparent reason that timber was mentioned at all was by way of description of the character of the land as represented by defendant. The point, we think, does not merit further discussion.

The findings, if substantially supported by the evidence, are sufficient in law, in our opinion, to uphold the judgment. The trial court found that the defendant made the representations as alleged by plaintiff and that the same were false and were known by defendant to be false when made; that they were made for the fraudulent purpose

of procuring the exchange of the properties, and that they were the controlling influence and inducement for the consummation of the transaction by plaintiff. The court further specifically found that said property did not contain eighty acres of comparatively level farming land nor eighty acres of pasture and wood land, and that said land was not worth any more than $28.75 per acre, and "that said land was inaccessible, there being no roads to the same; that said land lies upon the summit of a high and inaccessible range of hills." It was further found that at the time of making said exchange plaintiff resided in Oakland, was totally unacquainted with conditions and land values in Yolo County, and "did not have sufficient opportunity to investigate the value thereof"; that plaintiff confided in the truth of said representations and trusted, believed, and relied upon the statements so made, and that had it not been for such statements and representations he would not have made said exchange.

[1] The misrepresentations concerning the land values alone are sufficient under the circumstances here shown to constitute fraud. (*Winkler* v. *Jerrue*, 20 Cal. App. 555 [129 Pac. 804]; *Bonnarjee* v. *Pike*, 43 Cal. App. 502 [185 Pac. 479].) In the latter case it is said: "That a representation as to the value of property is often a representation of fact, and actionable if false, is well established, especially where the vendee to whom the representation is made is so situate as to have no means of investigating the question for himself, and therefore relies on the statements of value made by the vendor or his agent. (*Crandall* v. *Parks*, 152 Cal. 772 [93 Pac. 1018]; *Phelps* v. *Grady*, 168 Cal. 73-77 [141 Pac. 926].)"

Appellant further contends that the findings ignore material issues in that they do not negative certain allegations contained in the answer to the effect that plaintiff made independent investigations of the Yolo property before he made the trade; that he was familiar with the property, and that he was an experienced real estate dealer. We find no merit in the point. All of the issues above mentioned, even conceding them to be material, are adequately covered by the findings. It was found by the court that plaintiff at the time of the exchange "was totally unacquainted with the actual conditions and value of said Yolo

County property and did not have sufficient opportunity to investigate the value thereof''; that said defendant had much experience in handling real estate and was familiar with conditions and land values in Yolo County. And the court further found that plaintiff "believed, trusted, and relied upon" said representations and that they were the controlling influence which induced plaintiff to make the exchange, and had it not been for said representations plaintiff would not have done so. In the recent case of *Koblick* v. *Larson*, 57 Cal. App. 462 [207 Pac. 929], it is held that the failure to find specifically on the issue of investigation is not ground for reversal when the evidence shows that no real investigation was made and that the party who was victimized relied implicitly and solely upon the representations of the selling agents, whom he considered and believed to be his friends. In view of the evidence on this point it cannot be successfully contended that the plaintiff made any independent investigations. There was some testimony given by the witness Paddon and his agent Ausmus, who were charged with perpetrating the fraud on behalf of the defendant, to the effect that plaintiff had stated that he had communicated by phone with a friend who was familiar with Yolo property and that as a result of such communication he, the plaintiff, was satisfied with the Yolo property. This conversation was positively denied by plaintiff, however, and in view of the fact that the court found that plaintiff did not have opportunity to investigate and that he relied wholly upon the representations made by defendant, no further finding was necessary, we think, on the matter of independent investigation.

[2] Appellant also contends that the findings are incomplete because the court did not fix the value of the Palo Alto property. That contention cannot be sustained. In the case of *Hines* v. *Brode*, 168 Cal. 507 [143 Pac. 729], in a comprehensive and clear opinion written by Mr. Justice Henshaw, the supreme court held it to be the law of this state that where one sues for damages for fraud and deceit upon an executed contract for the sale or exchange of land, and where there has been no rescission, the measure of damages is the difference between the actual value of the property received and its value had the property been as represented, and that the measure of plain-

tiff's recovery is not affected by the price paid. This rule is based upon the principle that the vendee is obliged to accept the burden of the contract with its benefits, according to its terms, with the right to a recovery for the fraud based upon the fact that the benefits which he receives are not those which under the representations of the vendor he was entitled to receive. The rule contended for by the appellant here seems to be the one mentioned in *Cross v. Bouck,* 175 Cal. 253 [165 Pac. 702], which is therein quoted from the case of *Rockefeller* v. *Merritt,* 76 Fed. 909 [35 L. R. A. 633, 22 C. C. A. 608], namely, that the "measure of the damages suffered by one who is fraudulently induced to make a contract of . . . exchange of property is the difference between the actual value of that which he parts with and the actual value of that which he receives under the contract." But, as pointed out by Mr. Justice Henshaw in *Hines* v. *Brode, supra,* the courts of this state do not follow the federal rule. He says, in speaking of the rule adopted and followed in this state: "This is not only the rule in California, but it is declared to be the rule under the great weight of authority. The opposing rule is that which obtains in England and in the courts of the United States. That rule refuses to recognize the prospective profits which the vendee expected to make by the transaction." Later, in the case of *George Cople Co.* v. *Hindes,* 34 Cal. App. 576 [170 Pac. 155], the supreme court, in denying a petition for a hearing before that court, criticised the rule mentioned in *Cross* v. *Bouck, supra,* declaring the correct rule to be the one stated in *Hines* v. *Brode,* and held that only the peculiar facts of *Cross* v. *Bouck* justified the application of the exceptional rule, in that case.

It was, therefore, not only unnecessary for the court to find on the value of the Palo Alto property but the evidence rejected, if any there was, on this point was properly excluded. It could not have been received on the theory of recoupment for the simple reason that no recoupment was pleaded or prayed for by the defendant. In fact, the answer contains no allegation as to the value of the Palo Alto property. We do not consider the case of *Herdan* v. *Hanson,* 182 Cal. 538 [189 Pac. 440], cited by appellant, in point for the reason that the situation there was different

from the one presented here. There the evidence of the value of the property traded by plaintiff was offered and received in support and as a part of plaintiff's case, over the objections of the defendant, on the main issue of fraud charged against the defendant.

[3] As an affirmative defense it was alleged in the answer that plaintiff ratified the exchange in various ways, among them being by a settlement or agreement of compromise. Defendant contends that in order to sustain the judgment there must be a specific finding that there was no such compromise. This objection may be dismissed with the statement that the trial court, in its findings, did specifically negative the very wording of the allegation itself. The ultimate fact alleged was the ratification and the court found that there was no ratification. It was unnecessary to further find on each reason upon which the defendant claimed the ratification was predicated.

[4] The question of the sufficiency of the evidence to support the findings on the main issue of fraud is one we are not permitted to inquire into, under the well determined rule, because of the conflict of proof on the essential elements constituting the fraud. Appellant has quoted testimony extensively in its brief for the purpose of showing that the representations plaintiff claims were made by the selling agents of the defendant were not in fact made, and that whatever was said by them was mere matter of opinion and stated as such. But, in view of the positive testimony given on the part of the plaintiff that the representations were made, it is evident that the testimony quoted by appellant merely raises a conflict, and under such circumstances we are not at liberty to interfere with the findings of the trial court. The question of whether the statements were expressions of opinion was likewise one for the trial court. In *Stockton* v. *Hind,* 51 Cal. App. 131 [196 Pac. 122], it is said: "Where there is any doubt as to whether or not a representation was intended and understood as a mere expression of opinion or a statement of fact, the question is not one of law but a fact for the court or jury. (20 Cyc. 15 et seq.; *Spreckels* v. *Gorrill,* 152 Cal. 395 [92 Pac. 1011]; 14 Am. & Eng. Ency. of Law, 36.)" This conflict in the evidence was first passed upon by a jury and then by the trial court. Both found ad-

versely to the defendant. In that state of the record the decision of the trial court must prevail.

[5] The defendant, we think, is not in a position to complain about the value of the land as fixed by the court for the reason that the defendant conceded the land to be worth no more than $2,500, which would be less than $16 per acre, whereas the court allowed $28.75 per acre. By what method the court arrived at this figure is immaterial so long as the amount fixed was within the limits of the evidence. There was evidence received to the effect that the land was hilly and inaccessible, with no road at all to the property; that there were only two or three acres "on top of the hill" fitted for agriculture; that the soil was "gravelly and rocky" with some clay land; that the only timber on the place was a small quantity of "scrub oak" and that the rest of the land was practically covered with "buck" and "chamiso" brush, and that the whole property was worth no more than $5 per acre. From this evidence it would appear that the value fixed by the court was liberal.

Defendant has also made the points that the wrong party has been sued and that the court erred in its rulings on the admissibility of proof. We have examined those points and find that they are without support in the record. Equally untenable is the objection that the jury arrived at the amount of its verdict illegally. The jury was an advisory one. Its verdict was not binding upon the court, and so far as the judgment in the action is concerned it makes no difference what system the jury adopted in arriving at its verdict.

Finding no error in the record the judgment is affirmed.

Richards, J., and Tyler, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 22, 1922.

All the Justices concurred.

Richards, J., *pro tem.*, and Myers, J., *pro tem.*, were acting.