[Civ. No. 7719. Second Appellate District, Division Two.—April 28, 1933.]

F. R. ROOME et al., Respondents, v. REAL ESTATE INVESTMENT COMPANY (a Corporation) et al., Appellants.

E. C. McDowell, Howard F. Shepherd and James M. Carter for Appellants.

George Acret for Respondents.

CRAIG, J.—Certain real estate having been purchased under contract from the Security First National Bank of Los Angeles, a corporation, herein for convenience termed the Bank, as trustee, through the Real Estate Investment Company, a corporation, and its representatives, alleged statements as to contemplated local improvements failed of fulfillment. The buyers instituted an action for damages claimed to have been sustained because of a failure of asserted increase in values of the properties affected, which was decided in favor of the plaintiffs, and the defendants appealed.

The principal ground assigned for reversal consists of a controversy as to the basis of computation in arriving at the amount of damage. The complaint alleged and it was testified that the sales company and its agents represented that one hundred new houses were immediately to be constructed upon the same tracts under existing contracts, that a school would be built for the ensuing semester, and that motion picture industries were purchasing and would be erecting studios in the near future upon properties in the immediate vicinity. It is not contended that any of these improvements were consummated, nor that any contract for the construction of said houses existed. It appeared that upon discovery of the true facts the respondents complained to the vendors and were advised to make no further payments on account of the principal. Witnesses swore that the value of the lots in question at the time of said sale and at the time of the trial was about the same, and that its fair value in view of all purposes to which the same was on said dates best adapted was its market value. It also was testified that the purchase price in the vendees' contracts named was the value which said property would have had if the representations prompting such sale had been fulfilled. It is insisted that the trial court erred in applying the rule and in charging the jury that damages, if any, should be determined by deducting from the purchase price the market value; and that the amount of any judgment should be based upon the difference between such market value and that which it would have had if said alleged representations had been true. The respondents contracted to pay therefor the total sum of $18,000, and the jury would have been justified in finding upon substantial evidence before them

that the market value at the time of the sale was $2,000. Expert witnesses testified that with the improvements said property would have had a possible value of about $18,000. As indicated by authorities invoked by both parties, one rule "refuses to recognize as a legitimate element of damage the prospective profits which the vendee expected to make by his transaction. It points out that damages at law are compensatory merely (where not strictly exemplary) and make good to an injured party in terms of money the loss or injury which he has sustained, so that if a vendee buys and pays two thousand dollars for a piece of land worth only one hundred dollars, he may, either by rescinding, recover the two thousand dollars with interest for its detention, and thus be made whole, or he may retain the land worth one hundred dollars and recover back one thousand nine hundred dollars of the purchase price, and thus be made whole." (*Hines* v. *Brode*, 168 Cal. 507 [143 Pac. 729].) Under the rule of this state "the vendee is obliged to accept the burden of the contract with its benefits, according to its terms, with the right to a recovery for the fraud based upon the fact that the benefits which he receives are not those which, under the representations of the vendor, he was entitled to receive". (*McKeever* v. *Locke-Paddon Co.*, 58 Cal. App. 51 [207 Pac. 1040].) Since the "benefits" anticipated consisted of increasing values commensurate with the price which the respondents had agreed to pay, and there is no evidence of their contemplation of a sale for profit, it does not appear that had the representations been true the result would have been different or that the appellants were prejudiced by the asserted error.

It is contended that the purchasers waived by cessation of payments upon their contracts the right to claim damage, for the reason that time was of their essence and that the vendors had elected to declare the principal due and payable. Under a claim of fraud in such a case the buyer will be permitted to withhold payment of the purchase price pending a suit for alleged damage, but must be willing and able to pay if and when liable therefor. (*Pembrook* v. *Houston*, 41 Cal. App. 54 [181 Pac. 828].) While the evidence was such as might entitle a court or jury to view it as conflicting, in this respect, and the contention be-

comes untenable upon appeal, the fact remains that a suit pending precluded its assertion under the law.

■ Objections to introduction in evidence of the contracts of sale were interposed *mainly upon the ground that the plaintiff, Myrtle Roome, was not a party thereto.* It is argued that the contracts were personal property and under control of the plaintiff F. M. Roome, that there was no evidence that said lots were purchased as community property, and that her joinder as a party plaintiff was calculated to create sympathy with the jury and to permit her to relate conversations between herself and the defendants' agents not previously communicated to her coplaintiff. It appearing that she visited the townsite on several occasions she testified: " . . . I talked with Mr. Roome in the evening, did not say much about the lot, only I had made a deposit of $50.00 to hold these lots, because Mr. Gunderman told me that there were several looking at them and if I did not make a deposit the lots may be gone before I would take the chance to bring my husband"; that they had "agreed to buy this property together". To a question propounded while Roome was on the stand; "the contract is in my name. Was it being bought for you alone?" he answered, "No, sir, it was for Mrs. Roome and myself."

It may be added that the contracts were clearly admissible without regard to Mrs. Roome's being a party to the action. These agreements being between plaintiff F. M. Roome and the defendant made them admissible regardless of the existence of other parties thereto.

From this and other portions of the record it cannot be said that the trial court was not fully justified in declining to exclude the documents in question from consideration. Minor incidental questions presented by the appellant are covered by what has been said.

The judgment is affirmed.

Works, P. J., and Stephens, J., concurred.