[Civ. No. 9503.   Second Appellate District, Division Two. — April 3, 1935.]

EVA RUFF KELLER, Respondent, v. MARION L. JAPES et al., Defendants; NELLIE HOLLYWOOD, Appellant.

Walter M. Campbell, Jr., and Walter M. Campbell for Appellant.

Ticknor & Maxwell and Roland Maxwell for Respondent.

CRAIL, J.—This appeal is from the order denying defendant's motion to amend the conclusions of law upon the findings of fact as to defendant Nellie Hollywood and to enter a different judgment thereon. The evidence is not before us.

The findings of the trial court were that Marion L. Japes, acting by and through defendants Walter P. Hollywood and Nellie Hollywood, represented to plaintiff that the property which was afterwards transferred to her was of the reasonable market value of $12,000 without taking into consideration the improvements thereon and had been appraised by a bank in that sum, and that the property had been renting for three years without interruption at a monthly rental of $85; whereas the facts were that the property was not worth to exceed $8,000, and that each and all of said representations were false and defendants knew that they were false and untrue, and defendants did not believe them to be true, and they were made with the intention of deceiving plaintiff and did deceive the plaintiff and induced her to enter into the transfer of the real estate described in the complaint. The court concluded that "plaintiff is entitled to recover from the defendants Marion L. Japes, Walter P. Hollywood and Nellie Hollywood the sum of four thousand ($4,000.00) dollars", and gave judgment accordingly.

It is defendant's first contention that she was not a party to the contract nor the agent of either party and hence could not be guilty of fraud. The finding of the trial court that "defendant Marion L. Japes, *acting by and*

*through* . . . Nellie Hollywood, represented to plaintiff'', etc., is a sufficient finding as to agency.

█ Defendant's next contention is that no allegation of wilful deceit on the part of defendant was made by plaintiff or found by the court against defendant and hence she is not liable as for deceit. We shall not enter into a discussion of the necessity for such a finding for the reason that an inspection of the record does not sustain defendant's contention in this regard. The complaint alleged and the court found ''that each and all of said representations made by said defendants were and are false and said defendants *knew* that each and all of said representations were false and untrue and said defendants did not believe the same to be true'', and ''that each and all of said representations were made with the intent of *deceiving* plaintiff and did *deceive* plaintiff and did induce her to enter into said agreement and transfer said property'', and ''that by reason of the aforesaid fraudulent representations plaintiff has been damaged in the sum of four thousand ($4,000.00) dollars''. Defendant contends that ''*wilfulness* and *intent to injure* are necessary elements of a charge of deceit as such''. It would be interesting to ask what findings of fact would more clearly show wilfulness and intent to injure. We are satisfied that both the pleadings and the findings are sufficient to hold the defendant in an action as for deceit.

█ Defendant's third and final contention is that the wrong measure of damages was applied. In California, in an action of this kind, a person so defrauded in the exchange of property is entitled to recover the difference between the actual value of what he received and the value which it would have had if the representations had been true. (*Hines* v. *Brode,* 168 Cal. 507 [143 Pac. 729], and numerous cases cited in 12 Cal. Jur. 843 et seq.) This was the measure of damages applied by the trial court. There is no merit in any of defendant's contentions.

Order affirmed.

Stephens, P. J., and Willis, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 3, 1935.