[Civ. No. 1573. Fourth Appellate District.—December 5, 1935.]

JAMES R. OGILVIE et al., Respondents, v. SCOTT TUR-NER et al., Appellants.

R. J. Welch, Jr., and Fred A. Wilson for Appellants.

James A. Hall for Respondents.

BARNARD, P. J.—On May 1, 1929, the defendants sold certain real property in Riverside County to the plaintiffs, taking a note secured by a trust deed on the property as a part of the purchase price. On September 30, 1932, the prop erty was sold to the defendants under the deed of trust, and on October 5, 1932, these defendants brought an action to re-cover judgment for a deficiency. These plaintiffs filed an an-swer and cross-complaint alleging certain fraudulent repre-sentations in connection with a well upon the premises and asking for a rescission of the sale and exchange agreement with the return of the property and money they had put into the deal or, if that could not be done, for a judgment in an amount

equal to the value of the consideration paid by them. Upon the trial of that action the court found that notice of the trustees' sale had not been properly given and rendered judgment against these defendants on their complaint. The court also found that the misrepresentations had been made and that these plaintiffs were deceived thereby and further found that "having failed to file action for rescission or damages within a reasonable time after they discovered that fraud and deceit had been practiced upon them, they affirmed the contract, and are not entitled to a rescission or damages". As a conclusion of law, the court found that these plaintiffs "are not entitled to relief, for the reason that they failed to bring action on the grounds of fraud or deceit within a reasonable time". The judgment entered further provided that these plaintiffs take nothing on their cross-complaint. This judgment was not appealed from and has become final.

On October 2, 1933, another sale was held under the trust deed and the property was again bought in by these defendants, leaving another deficiency. On November 27, 1933, the plaintiffs brought this action seeking to quiet their title to the real property in question, to cancel the second trustees' deed and to cancel the original note and deed of trust, alleging the same misrepresentations set forth in their cross-complaint in the first action. Among other things, these defendants set up the judgment in the first action as a bar to the plaintiffs' right to recover in this action. While the court found that the material and necessary issues tried in the first action were the same as those set forth in plaintiffs' complaint herein and that the parties to the two actions were identical, it was further found that the judgment in the first action was not a bar to the relief prayed for in this action and that the plaintiffs are not barred from the relief demanded in this action by any delay, lapse of time or laches. From a judgment quieting title to the property in these plaintiffs and ordering the second trustees' deed, the note and the deed of trust canceled, the defendants have appealed.

The respondents' position seems to be that the trust deed is entirely null and void, since it was found in the other action that it was obtained by fraud, that they are entitled to have the trust deed canceled, and that no further duty rested upon them. They overlook the fact that the trust deed was only a part of the transaction and that it was also found that

because of this failure to act within a reasonable time they were not entitled to a rescission. The former judgment is conclusive at least in so far as the right to a rescission is concerned. ██ Regardless of any other questions and if they had any further rights at all the respondents must be taken to have affirmed the contract and to have been then limited to an action for damages, in which action the amount they still owed must be considered and offset against any damages they may have sustained. (*Hines* v. *Brode,* 168 Cal. 507 [143 Pac. 729].)

The respondents are in the inconsistent position of claiming the original contract is void while at the same time they are relying on that contract and claiming the right to hold what they received under it. Having been refused relief in an action in equity they have filed another equitable action to quiet title and to cancel certain instruments, with the result that after a rescission had been denied them and without completing their contract they get the place for about $7,100 less than they agreed to pay, without at any time alleging or proving the amount of their damage, without having any such amount found by any court, and without offsetting the balance they owed against any damages they may have suffered.

We are unable to see any theory under which this judgment may be affirmed. Even though some of the equities appear to have been in favor of the respondents it was incumbent upon them to take the proper steps and to protect their interests by appropriate pleading and proof.

The judgment appealed from is reversed.

Marks, J., and Jennings, J., concurred.