[Civ. No. 2914.  Second Appellate District, Division Two.—June 20, 1919.]

## CARL A. WALBERG, Appellant, v. CHARLES D. UNDERWOOD et al., Respondents.

[1] JUDGMENTS—ACTION TO STAY EXECUTION AND TO SET ASIDE—FRAUD AND COLLUSION—SUBSEQUENT TRANSACTIONS—EVIDENCE.— In an action in equity to enjoin execution and set aside a judgment against a corporation on the ground of fraud and collusion, evidence of transaction occurring subsequent to the judgment in controversy, and having no connection with the judgment or the claim on which it was obtained, is inadmissible for the purpose of proving the fraud and collusion.

[2] ID.—EVIDENCE OF FRAUD—SUBSEQUENT CONDUCT AND DECLARATIONS.—While the surrounding facts and circumstances may be liberally used in determining fraud, and subsequent conduct and declarations of the parties may be shown in evidence of antecedent fraud, the circumstances must be such as are related to the principal transaction, and from which a logical and legal inference may be drawn as to the nature and quality of the act under investigation.

[3] APPEAL—ALTERNATIVE METHOD—INSUFFICIENT RECORD.—Where an appeal from a judgment on the ground that the finding of the trial court that the transaction in question was regular and free from fraud or collusion is contrary to the evidence is taken under the alternative method, the typewritten transcript consisting of 289 pages, and there is no record in the printed briefs to show what, if any, evidence was before the court to raise even a presumption of fraud, the appellate court cannot be expected to explore, unaided by counsel, such a volume of evidence for the material necessary for a decision.

APPEAL from a judgment of the Superior Court of Kern County.  M. T. Farmer, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Charles J. Kelly for Appellant.

Stahl & Sayles, Kaye & Siemon, Boyce R. Fitzgerald and Erwin W. Owen for Respondents.

1. Injunction against execution sale, note, **Ann. Cas.** 1918C, 152.

SLOANE, J.—This is an action in equity brought by the plaintiff, a stockholder in the Valley View Mines Company, to enjoin execution and set aside a judgment in favor of defendant Underwood against said company. The judgment is claimed to have been obtained by fraud and collusion on the part of and between the defendants Underwood and Brown and the directors of said defendant company. The judgment was obtained by Underwood as assignee of a claim of salary of Brown, who was a director and the president of defendant company.

On the trial of the case in the superior court of Kern County, the court found against all of the allegations of fraud, collusion, and unfairness in the matters on which the action was predicated, and denied the relief demanded by plaintiff.

There is no question raised as to the sufficiency of the evidence admitted on the trial to support the findings and judgment. The only error assigned on this appeal is the action of the court in sustaining objections and denying plaintiff's offer to produce certain evidence.

The purport of the proposed evidence, as nearly as we can gather from the general discussion between court and counsel, appearing in the record, was to show that subsequent to the entry of the judgment in question some sort of a collusive arrangement was entered into between the defendant Brown and other directors of the judgment debtor corporation to sell the property of the corporation, which was subject to levy under the judgment, in such a manner and for such a price that the directors would participate in the proceeds of the sale. It is conceded that this alleged transaction was entirely subsequent to the cause of action sued on, which was charged as a fraudulent combination of the plaintiff and the directors in obtaining the judgment which the action seeks to vacate for the fraud. But appellant's contention, in offering this evidence, was that the evidence of a participation by the directors in a subsequent fraudulent effort to profit by a sale of the property of a corporation would tend to prove that their connection with the transactions leading up to the judgment was also fraudulent. The court properly sustained objections to certain questions propounded to plaintiff's witness on this point, on the ground that they called for hearsay

testimony, and denied the general offer of proof on the theory outlined, on the ground that the transaction referred to was entirely independent of, and subsequent and irrelevant to, the attack on the judgment itself.

[1] Stated in its strongest light, the offer as made by appellant may be put in the following words: "We offer to show that after this judgment which we allege was fraudulently procured was entered, Brown, the assignor of the claim on which the judgment was predicated, attempted to make a sale of the property of the corporation through the directors. We will show that Brown was the agent for this purpose. When Mr. Baldwin discovered that the sale was going through, and that the directors, or some of them, were profiting to the extent of one hundred thousand dollars—reporting a sale for fifty thousand dollars, whereas it was in fact made for one hundred and fifty thousand dollars—that he then stopped the sale. That the sale was stopped, and the defendant Brown said he had this judgment up here and that he could go up and sell the property under the judgment, and then would have the sale of the property that he had made under the contract." Counsel for appellant stated that this offer of proof of subsequent acts of defendants was made as tending to support the allegations of fraud and collusion in the procurement of the judgment in question.

The court sustained the objection to the offer on the ground that the transactions referred to were immaterial and independent matters, occurring subsequent to the judgment in controversy, and having no connection with the judgment or the claim on which it was obtained. We think the trial judge was right in this ruling.

There was nothing in the offer tending in any way to connect the subsequent alleged attempts of Brown and other directors of the corporation to sell the corporation's property with this judgment. If it appeared that such action on the part of the directors was in any way necessary to the collection of the judgment, it might be assumed that Brown still had some interest in the claim he had assigned to Underwood, and that he and other directors of the corporation were conniving to convert it into cash. But Underwood (and Brown, if he was still interested in it) had this judgment, and could proceed to sell at execution sale, and

if the property was worth one hundred and fifty thousand dollars, or even fifty thousand dollars, would.have no difficulty in realizing the amount of the claim. In fact, it would appear from appellant's statement that this subsequent transaction was entirely independent of the judgment. It was only after it had been blocked in some way by the witness Raymond that Brown is claimed to have referred to the judgment by the declaration that he could sell under the judgment and then could make the sale that had been agreed to under the alleged contract.

Assuming the proof offered was to have been such as is for the first time specifically indicated by appellant's reply brief, namely, a contract between Brown and Gordon, two of the directors of the mining corporation, to sell the mining claims of the corporation to a Mrs. Eaton for fifty thousand dollars, and a contract between Brown and Mrs. Eaton and a third party not named in this action, whereby the profits of a resale of the same property for one hundred and fifty thousand dollars was to be divided between them—it does not appear in any way how such transaction could be in aid of or grow out of the transactions culminating in the alleged fraudulent judgment. In other words, this subsequent transaction could have been just as well carried out entirely without reference to the judgment, and the judgment just as well collected without the contract of sale. Neither is it, if the facts indicated were proved, a fraud of such a similar character as would raise a presumption of fraudulent intent of the parties in the matter leading up to the judgment.

[2] Appellant correctly states the rule that the surrounding facts and circumstances may be liberally used in determining fraud, and that subsequent conduct and declarations of the parties may be shown in evidence of antecedent fraud. (*Butler* v. *Collins,* 12 Cal. 457.) But the circumstances must be such as are related to the principal transaction, and from which a logical and legal inference may be drawn as to the nature and quality of the act under investigation. A defendant cannot be convicted of two independent offenses, even though occurring against the same person and at approximately the same time, by proving him guilty of one, and inferring his guilt as to the other. This would be equivalent to offering evidence of his

bad reputation for honesty and integrity as proof that he had committed some specific wrong. Under no circumstances would it be permissible to establish fraud in a prior transaction, which was honest on its face, by showing fraud in subsequent transactions. At best, such evidence could only be used in corroboration after a reasonable foundation had been laid.

[3] The court here found from the evidence before it that the transaction complained of was regular and free from fraud or collusion on the part of defendants; and there is no record in the printed briefs to show what, if any, evidence was before the court to raise even a presumption of fraud. This appeal was taken under the alternative method, with a typewritten transcript of 289 pages. Under the rule of section 953c of the Code of Civil Procedure, we should not be expected to explore, unaided by counsel, such a volume of evidence for the material necessary for a decision.

But, independent of this consideration, we do not think the evidence offered was relevant or competent.

The judgment is affirmed.

Finlayson, P. J., and Thomas, J., concurred.