[Civ. No. 9266.   First Appellate District, Division Two.—February 4, 1935.]

G. A. STEWART, Respondent, v. INDEMNITY INSUR-
ANCE COMPANY OF NORTH AMERICA (a Corpo-
ration) et al., Appellants.

Hartley F. Peart, Gus L. Baraty and Russel Shearer for Appellants.

C. Huntington Jacobs, Arthur P. Shapiro and A. L. Crawford for Respondent.

NOURSE, P. J.—In an action upon two separate contracts for the sale of securities plaintiff had judgment against the brokers and the indemnity company as surety for the brokers upon a bond given under the Corporate Securities Act as amended by Statutes of 1925, page 962. The indemnity company has appealed from the portion of the judgment adverse to that company, and the plaintiff has appealed from the portion of the judgment which denied recovery of funds paid to the brokers upon a separate account not pleaded in the complaint. By stipulation both appeals are presented on the same record.

The trial court found that, during the year 1926 the plaintiff's assignors paid to S. E. Whiting Company, licensed brokers, acting as brokers for a South San Francisco finance corporation, $1360 upon the sale of stock of the loan company; that the brokers failed to deliver the stock or anything of value to the purchasers and refused to give any accounting of the moneys received. It was further found that when the brokers accepted these payments they had no intention of delivering the stock to the purchasers. Upon these findings the court gave judgment against the surety for the sums paid during 1926, the year of its bond.

The indemnity company states the only question involved in its appeal as follows: "Whether, in an action upon a broker's bond given under the Corporate Securities Act, a plaintiff should be allowed to recover moneys from the surety which had been paid to the broker principal on two contracts to purchase stock from the broker principal based entirely upon a finding of the court that the broker principal at the time of making the contracts had no intention

of fulfilling his part of such contracts, where there is no evidence to support such a finding nor from which such an inference could be drawn?''

The question stated does not require comment because the judgment does not depend "entirely" upon the finding of the broker's intention and also because there is some evidence to support that finding.

The liability of the surety rests upon the provisions of section 5, subdivision 3, of the Corporate Securities Act (Deering's Gen. Laws, Act No. 3814, as amended, Stats. 1925, p. 967) under which the bond was given. This section reads in part: ''Said bond shall be conditioned upon the strict compliance with the provisions of this act, and the honest and faithful application of all funds received and the faithful and honest performance of all obligations and undertakings in the purchase or sale of securities, by said broker, his agents and employees. Said bond shall be further conditioned upon the payment of all damages suffered by any person damaged or defrauded by reason of the violation of any of the provisions of this act, or by reason of any fraud connected with or growing out of any transaction contemplated by the provisions of this act.'' The bond executed by the appellant contained similar language.

■ It will be noted that it not only insures against fraud on the part of the broker but that it undertakes that the broker will make an honest and faithful application of all funds received and a faithful and honest performance of all obligations and undertakings in the purchase and sale of securities. Thus the fraud of a broker is but one element of the surety's liability. If there is a failure in any of the other obligations mentioned in the section the surety is liable. Hence it was not necessary for respondent to prove fraud or to prove that the contracts were made by the brokers with no intention of fulfilling them. ■ It was sufficient to prove, as the undisputed evidence does prove, that the brokers executed written contracts of sale (with some private oral arrangement with the purchasers as to future payments) of a certain number of shares, or units, of the capital stock of their principal, and that the brokers refused to deliver any of the stock to the purchasers or to account to them for the payments received. The only reasonable inference that can be drawn from the evidence is

that the brokers appropriated these funds to their own use and this brings their conduct strictly within the terms of the bond.

This evidence, taken with the direct evidence of the fraudulent misrepresentations and deceit of the brokers subsequent to 1926 supports the inference drawn by the trial court in its finding that, at the time the contracts were made, the brokers did not intend to fulfill them. The authorities agree that evidence of subsequent conduct will support an inference covering the intent of a party at the time the contract is made. (*Snyder* v. *City Bond & Finance Co.*, 106 Cal. App. 745, 748 [289 Pac. 859].)

The appeal of the plaintiff and cross-appellant rests in these facts: The complaint pleaded two contracts with the brokers for the sale of stock to plaintiff's assignors in a South San Francisco finance company. The assignors of the plaintiff testified that they had made some payments to the brokers on other contracts during the year 1926, and the plaintiff asked leave to amend his complaint to conform to the proof so that he might recover these funds. A ruling on the request was postponed to the end of the trial and all evidence relating to these payments not pleaded was received subject to the condition that if leave to amend was not granted all such evidence would be deemed stricken from the record. The trial was closed December 6, 1929, and a motion for leave to amend was noticed for January 31, 1930, but the record does not show that this motion was ever made or presented. The next entry in the record is of December 1, 1932, which shows an order for judgment for the plaintiff and an order denying plaintiff's motion for leave to amend. Judgment on the findings was entered March 20, 1933, but nothing is said therein regarding this motion and the findings are silent as to these separate transactions.

In this state of the record we must assume that the trial court denied the motion for some good reason; it may have been because the motion was not presented, or because of unreasonable delay, or because the testimony upon which the plaintiff relied was so inherently improbable that it was rejected. For whatever reason the order was made the record does not justify a review of it by this court.

The judgment is affirmed, each party to bear its own costs.

Sturtevant, J., and Spence, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 4, 1935.