[Civ. No. 7446.   Third Dist.   June 5, 1948.]

ALBERT BRADLEY et al., Respondents, v. GRACE M. OSBORN, Appellant.

Gilbert Moody for Appellant.

C. Ray Robinson, Richard A. McCormick and Margaret A. Flynn for Respondents.

ADAMS, P. J.—By the original complaint filed in this action, insofar as its allegations are pertinent to this appeal, plaintiffs sought to recover from defendant damages for the conversion of certain personal property of the value of $654.50 which it was alleged defendant had sold to plaintiffs. On the day of the trial the complaint was amended without objection, by adding a count which recited that defendant, having offered to sell said personal property to plaintiffs, did, with intent to deceive and defraud plaintiffs, falsely and fraudu-

lently represent to them that she owned said property; that plaintiffs relied upon said representations and purchased the property; but that in fact defendant knew said representations were false and that the said property was owned by other persons.

The action was tried by the court sitting without a jury, and resulted in a judgment for plaintiffs in the sum of $653.53. The findings recite that on the date of the agreement entered into between the parties, defendant, with intent to deceive and defraud plaintiffs, falsely and fraudulently represented to them that the furniture was the property of defendant, that plaintiffs relied upon such representations; that in fact, as defendant well knew, said representations were false and untrue and said furniture was not the property of defendant; also that as to part of said furniture sold to plaintiffs, defendant herself took and converted same to her own use.

Judgment was entered on May 3, 1947, and on May 24th, defendant filed a motion to set aside the judgment on the ground that it was taken against her through inadvertence, surprise and excusable neglect. Affidavits in support of the motion were filed, as were counteraffidavits by plaintiffs, and a hearing was had. The motion was denied, and this appeal was taken from the judgment and from the order denying the said motion.

The record shows that by the agreement between plaintiffs and defendant Osborn the latter sold to plaintiffs certain real property consisting of about two acres of land and the buildings situated thereon. One of said buildings was a store with two living apartments in the rear which constituted a part thereof, and the others, situated on the rear of the lot, consisted of five units referred to in the record as "cabins." The apartments in the store building and the cabins were all furnished. Defendant executed a bill of sale which covered "personal property situated on the land of the first party . . ., described as follows, to wit: furniture in cabins, service station tanks, four in number, store furniture and fixtures, pumps and equipment."

At the time of the sale Mrs. Osborn was occupying one of the apartments in the store building, and it is admitted by plaintiffs that it was agreed that she was to retain the furniture contained therein. As for the furniture in the other apartment, defendant admits that she removed it, but she now claims that it was not included in the bill of sale and that

she therefore had a right to do so. Plaintiffs contend that it was included in the sale; and Mr. Bradley testified that when he discovered that said furniture had been removed and threatened to "call the whole deal off," Mrs. Osborn promised to return such furniture but did not do so. As for the furniture in the cabins, appellant admits that she purported to sell same to plaintiffs and that she took Mr. Bradley around to see the cabins and then pointed out a few pieces that belonged to some of the tenants. But the tenants, claiming ownership thereof, removed much more of the furniture than had been pointed out by defendant as theirs.

Appellant argues on this appeal, first that the bill of sale did not include the furniture and furnishings in the two apartments in the store building, second that she left in the cabins all the furniture and furnishings contained therein, and that if the tenants removed same after she had surrendered possession of the property to plaintiffs, she should not be held liable for same, and, third, that her motion to set aside the judgment should have been granted and she should have been given a chance to show by the tenants of the cabins that statements made by the Bradleys were untrue.

Regarding the scope of the bill of sale, it is apparent that it did not set forth all of the various items of furniture and furnishings in the store apartments and cabins. As to that extent it was insufficient to show what the parties intended should be conveyed, the trial court permitted testimony as to what furniture and furnishings were contained in the store apartments and cabins at the time the bill of sale was executed, and which articles defendant designated as belonging to her and were intended to be conveyed. Such evidence was introduced without objection on defendant's part, and Mr. Bradley enumerated the articles contained in the cabins as he remembered them.

The gist of appellant's first contention on appeal is that the finding of the trial court is not sustained by the evidence. However, we are of the opinion that there is sufficient testimony to show that defendant did represent to plaintiffs that all the furniture in the cabins, with a few exceptions, was hers and was included in the sale, and that in fact it did not belong to her but to the tenants who rightfully removed same when they vacated the cabins. Mr. Bradley testified that the property was advertised for sale as furnished; that furnishings in the one apartment in the store consisted of a stove,

ice box, heater, table, chairs, chesterfield set, bed divan, bedroom set, springs and mattress, and that defendant when pointing them out to him said, "This is what you are buying." All of this furniture defendant admittedly removed.

As for the furnishings in the cabins, Mr. Bradley testified that defendant took him through all but one of them and said, "Here, they are furnished like this." And as to the other cabin she said it was furnished exactly like the others. He also testified that he sought to induce defendant to go through the cabins with him and inventory the furnishings, but she always "would get very sick and have to lie down." After plaintiffs took possession and some of the tenants claimed to own various articles of furniture which defendant had represented were hers, plaintiffs several times sought unsuccessfully to induce defendant to sign a release by which it could be determined what articles, if any, the tenants owned and what she had owned that she had sold to plaintiffs. She also refused to give releases to the tenants, though requested by them to do so. In short, she refused to cooperate in any way to clear up the situation as to whether she or the tenants owned the furniture that was taken away by the tenants.

From the conduct and statements of defendant both before and after the sale, the trial court, which heard the testimony of the parties and observed their conduct during the trial, was justified in drawing an inference of fraud and deceit on the part of defendant. In *Walberg* v. *Underwood*, 41 Cal. App. 679, 682 [183 P. 254], the court said: "Appellant correctly states the rule that surrounding facts and circumstances may be liberally used in determining fraud, and that subsequent conduct and declarations of the parties may be shown in evidence of antecedent fraud." Also see *Stewart* v. *Indemnity Ins. Co.*, 4 Cal.App.2d 385, 388 [41 P.2d 182]; *Snyder* v. *City Bond & Finance Co.*, 106 Cal.App. 745, 748-749 [289 P. 859]; *Tench* v. *McMeekan*, 17 Cal.App. 14, 20 [118 P. 476]; *Divani* v. *Donovan*, 214 Cal. 447, 452-453 [6 P.2d 247]; *McKeever* v. *Locke-Paddon Co.*, 58 Cal.App. 51, 57 [207 P. 1040]; *Carter* v. *Turner*, 90 Cal.App. 193, 197 [265 P. 870]; *Jarkieh* v. *Badagliacco*, 75 Cal.App.2d 505, 509-510 [170 P.2d 994]; *Tranchina* v. *Arcinas*, 78 Cal.App.2d 522, 524 [178 P.2d 65].

And under the authority of the above-cited cases, an appellate court is not at liberty to interfere with the findings of the trial court, there being conflicts in the evidence adduced.

As regards the motion made by defendant to set aside the judgment, she cites no authority supporting same, but states in her brief that at the time of the trial it was not known that the tenants could definitely be located, nor what real bearing on the case their testimony would have. However, the record shows that during the trial, when defendant was testifying, she stated that she could find the tenants if they wanted her to do so. The original complaint was filed December 3, 1946, and appellant knew from same that plaintiffs were seeking to recover for furniture which it was alleged she had converted to her own use. She also knew long before the trial that the tenants were claiming to own furniture which she had purportedly sold to plaintiffs, for she testified at the trial that two or three weeks after plaintiffs took possession they spoke to her about her writing to the tenants to get a release, but that she did not do so because "I didn't feel like getting myself tangled into something like that and wouldn't do it." The trial was not had until March 17, 1947. The court filed an opinion on April 10th; findings were filed May 2d, and the judgment was entered May 3, 1947. On May 24th, the notice of motion to set aside the judgment was filed and the affidavits of the former tenants accompanying same were variously dated May 19th, 20th and 21st. Obviously it did not take long after the judgment was filed for defendant to find these parties; and there is nothing to show that had she desired to secure their testimony at the trial she could not have done so. No request for continuance of the trial for that purpose was requested, though when plaintiffs filed their amendment to the complaint their attorney offered to consent to a continuance if desired by defendant's counsel. No motion for a new trial was filed on the ground of newly discovered evidence or any other ground. Under the circumstances we cannot say that the trial court abused its discretion in denying the motion to set aside the judgment.

Finally, appellant urges that the evidence does not support a judgment for the amount found. But there is testimony by Mr. Bradley that the tenants took about 75 per cent of the furnishings in the cabins, and that defendant took all of the furnishings in the one apartment included in the sale. Since the escrow indicates that plaintiffs paid $1,000 for the furniture, the amount found by the court does not appear to be without support, especially since defendant herself offered no evidence as to values except that that taken from the apart-

24

ment amounted to approximately $200. Also, plaintiff Albert Bradley testified to values of a list of articles in the cabins which were missing, totalling in excess of $700. These items are set forth in respondents' brief, and are not disputed in appellant's closing brief. It is not the duty of this court to search the record to determine that the values, as found by the trial court, are incorrect, even though there may be inconsistencies and conflicts in the evidence regarding same.

The judgment and order are both affirmed.

Peek, J., and Thompson, J., concurred.