[Civ. No. 10422. Second Appellate District, Division Two.—September 19, 1935.]

A. L. FARMER, Appellant, v. ENVOY PETROLEUM COMPANY (a Corporation), Respondent.

William J. Claassen for Appellant.

A. L. Abrahams and Frank H. Love for Respondent.

CRAIL, P. J.—The plaintiff and cross-defendant appeals from a judgment in favor of the defendant in an action for damages based upon the negligence of the defendant in conducting an oil refinery and in the delivery of gasoline to the plaintiff's truck from the loading rack upon the premises of the defendant's refinery. The appeal is upon the judgment roll alone.

It is the plaintiff's first contention that the pleadings do not set up an affirmative defense of contributory negligence. An examination of the record discloses that the defendant in its answer set up "a further separate and second defense" which was affirmative in character, alleging the facts which constituted the negligence of the plaintiff, and "that

the said fire and the said damage was proximately and directly caused and *contributed to by* the said wrongful conduct, carelessness and negligence of plaintiff''. We find no merit in this contention.

■ The plaintiff sets out in his brief at great length the written opinion of the trial court, and largely depends upon this written opinion for his recitation of facts. It has been held that such an opinion, though printed in the transcript, is not a part of the record on appeal and cannot be considered by the court for such purpose. (*De Cou* v. *Howell,* 190 Cal. 741 [214 Pac. 444]; *Northern Assur. Co.* v. *Stout,* 16 Cal. App. 548 [117 Pac. 617].) ■ Where the record on appeal consists only of the judgment roll, the appellate court must take the statement of facts which appears in the findings of the trial court and must assume that the evidence sustains such findings. (*Porter* v. *Hilton,* 214 Cal. 705 [298 Pac. 501, 7 Pac. (2d) 301]; *Northern Assur. Co.* v. *Stout, supra.*)

The plaintiff's two remaining contentions are inextricably founded upon the facts so set forth in the opinion of the trial court.

■ It is the plaintiff's second contention that ''that person is liable who negligently institutes the cause which, in continuous sequence, results in the ultimate injury''. It is obvious, however, that if the plaintiff was guilty of negligence which contributed to his own injuries there would be no liability to him.

■ The final contention of the plaintiff is that ''the findings of the court were inconsistent with the pleadings and contrary to law, and the findings, holding plaintiff guilty of contributory negligence, were not justified in law''. The findings were consistent with the pleadings and were not contrary to law. As already stated, the evidence is not before us, and we are unable to determine from the record whether the findings holding plaintiff guilty of contributory negligence were justified, but we must rely upon the presumption that they were.

Judgment affirmed.

Wood, J., and Fricke, J., *pro tem.,* concurred.