58 Cal.App.2d 913 (1943)
ERNEST E. JACOBS et al., Appellants,
v.
DANIEL LEVIN et al., Respondents.
California Court of Appeals. 
May 13, 1943.
 Elliot M. Epstein for Appellants.
 Linforth, Cannon & Miller and Ramsay Moran for Respondents.
 McWILLIAMS, J.
 Plaintiffs sued the defendants for damages alleged to have been sustained by them as a result of the purchase of certain San Francisco residence property. The purchase price of the property was $8,400. At the time that plaintiffs bought the property the living room contained a fireplace which obviously had been used. However, the fireplace contained no chimney or flue which, it developed during the trial, had been sealed up by the defendants many years before. Although the plaintiffs had made a number of inspections of the property before they purchased it they had failed to discover the defect in the fireplace. This conduct of the defendants in failing to notify plaintiffs of the condition of the fireplace was found in the lower court to constitute fraud on their part. That court also found that it would cost $470 to put the fireplace into a working condition. But the lower court also found that at the time the plaintiffs bought the property it had a fair market value of $8,950, being $550 more than the plaintiffs had paid for the property. That court also found that the valuation of $8,950 was not less than or in any wise affected by the fact that the fireplace was not in a condition to be used. Hence, the court concluded, plaintiffs were not damaged and rendered judgment in favor of the defendants. From that judgment plaintiffs have taken this appeal. They contend that the finding as to the value of the property at the time of that sale is not supported by the evidence and also that even if true it is immaterial. A review of the evidence convinces us that the finding is supported by the evidence, particularly in view of the fact that the testimony offered on behalf of the defendants as to the value of the property was not contradicted by the plaintiffs.
 Whether or not the finding referred to is immaterial as contended presents a more serious question. Defendants concede for the purpose of the appeal that the finding of the lower court with reference to the fraud alleged to have been [58 Cal.App.2d Supp. 915] perpetrated by them is supported by the evidence. They contend that since plaintiffs did not show that they were damaged the judgment rendered by the lower court was a proper one. Their position is that since it is apparent under the finding made by the lower court with reference to the value of the property purchased that the plaintiffs received more than their money's worth it must follow that they suffered no damage by reason of the fact that the fireplace was not in a condition to be used.
 The plaintiffs, on the other hand, argue that in an action for deceit in the sale or exchange of property, the party defrauded is entitled to recover the difference between the actual value of what he received and the value which it would have had if the representations had been true, citing the case of George Cople v. Hinde, 34 Cal.App. 576 [170 P. 155], in support of this contention. Hence, say plaintiffs, if they have shown that the property would have been worth more had there been a usable fireplace in it, as the lower court found was impliedly represented to them by defendants, they are entitled to judgment.
 Plaintiffs' conclusion is sound if the law of this state is as they claim. Whether it is sound or not requires a review of the authorities in this state.
 [1] Up to 1935 the courts of this state applied what has been termed (McCormick on Damages, p. 448; 24 Am. Jur. p. 52) the "loss of the bargain" rule for measuring damages in cases of the kind here presented. Under this rule which prevails in most states a plaintiff who is defrauded in the purchase of property is allowed to recover the difference between the actual value of the property received and the value that it would have had had it been as represented. (Porter v. Hilton, 214 Cal. 705, 708 [298 P. 501, 7 P.2d 301].) Our Supreme Court in one case apparently realized that the application of this doctrine, which it termed "the extreme rule," might at times result in hardship and therefore held that it was only to be applied in clear cases and on just terms. (Hines v. Brode, 168 Cal. 507, 511 [143 P. 729].)
 [2] The opposing rule which is followed in a few states and also in the federal courts and in England (McCormick on Damages, p. 448; also see Sigafus v. Porter, 179 U.S. 116 [21 S.Ct. 34, 45 L.Ed. 113] and cases there cited) has been termed the "out-of-pocket loss" rule. Under that rule the defrauded plaintiff is allowed to recover the difference between [58 Cal.App.2d Supp. 916] the value of what he parted with and the value of the property that he received. He is also allowed to recover under this rule as well as under the "loss of the bargain" rule all expenditures actually made by him as a result of the fraudulent conduct of the seller. (McCormick on Damages, p. 458; Edward Barron Estate Co. v. Woodruff Co., 163 Cal. 561, 578 [126 P. 351, 42 L.R.A. N.S. 125].) The reason for this rule is, as stated by one federal court that:
 "A person is not cheated when that which he gets is worth all that he pays for it, which is also common sense. He may anticipate more, and be falsely led to expect it, on the strength of which he may be entitled to be relieved from the bargain. But if he holds onto it, he cannot claim damages for the deceit, if he has suffered no loss which is the case, where, although not getting all that he had the right to expect, he gets after all the worth of his money." (Pittsburgh L. & T. Co. v. Northern Cent. Life Ins. Co., 140 F. 888, 898.)
 However, in view of the fact that since the federal courts are required since the overruling of Swift v. Tyson, 16 Pet. (U.S.) 1 [10 L.Ed. 865] by Erie R. Co. v. Tompkins, 304 U.S. 64 [58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487] to follow state decisions on matters of general law the main support for the minority rule would appear to have collapsed.
 In opposition to the "out-of-pocket loss" rule it is urged that, as stated by Professor Williston: "A practical reason for the enforcement of the broader rule may be found in the fact that under the other rule a fraudulent person can in no event lose anything by his fraud. He runs the chance of making a profit if he successfully carries out his plan and is not afterwards brought to account for it; and if he is brought to account he at least will lose nothing by his misconduct." 5 Williston on Contracts, revised edition, section 1392.
 Neither rule has proved altogether satisfactory and as a result the law has fluctuated from time to time in some of the states (24 Am.Jur. p. 60).
 After considering the merits of the two rules the American Law Institute in its Restatement of the Law of Torts adopted the federal or "out-of-pocket" loss rule. (Rest., 549.)
 [3] In 1935 the Legislature of this state added section 3343 to the Civil Code. It reads as follows:
 "Damages for fraud in the purchase, sale or exchange of property. One defrauded in the purchase, sale or exchange of property is entitled to recover the difference between the [58 Cal.App.2d Supp. 917] actual value of that with which the defrauded person parted and the actual value of that which he received, together with any additional damage arising from the particular transaction."
 "Nothing herein contained shall be deemed to deny to any person having a cause of action for fraud or deceit any legal or equitable remedies to which such person may be entitled."
 By that amendment the "out-of-pocket loss" rule was substituted for the "loss of the bargain" rule. (See Rothstein v. Janss Inv. Corp., 45 Cal.App.2d 64, 73 [113 P.2d 465] 13 So.Cal.L.Rev. 168.)
 It is true that the first sentence of the section authorizes a purchaser not only to recover damages under the "out-of-pocket loss" rule, but also to recover any additional damage arising from the particular transaction. That latter provision was evidently intended to cover a situation where for example a buyer was obliged to move from the property that he had been fraudulently induced to purchase on account of the dangerous character of the premises. In such a case he could not only recover the difference between the amount that he had paid for the property and its actual value but also recover the expense of moving. (Barr v. Kimball, 43 Neb. 766 [62 N.W. 196]. Also see McRae v. Lonsby, 130 F. 17 [64 C.C.A. 385;] Womack v. Hastings, (Tex.Civ.App.) 200 S.W. 878.)
 [4] If the instrument of conveyance taken by plaintiffs had contained a warranty or covenant of the existence of a usable fireplace they could have sued on such warranty or covenant even though the sellers had known that there was no fireplace in the building when they executed the deed and intended to deceive the plaintiffs. In such an action the plaintiffs could have recovered the difference between the value of the land as they received it and its value with the fireplace. In other words the "loss of the bargain rule" of damages would have been applicable. This is well settled in the law of sales of personal property and we see no reason why the same doctrine should not be applied by analogy in the case of the sale of real property. The reason for the rule in the law of sales is that ordinarily the buyer in case of a breach of warranty is entitled to recover the difference between the value of the goods at the time of their delivery to the buyer and the value the goods would have had if they had answered the [58 Cal.App.2d Supp. 918] warranty. (Civ. Code, sec. 1789 (7)). The addition of the element of fraud will not deprive the buyer of rights that he would have had if the element of fraud were lacking. (5 Williston on Contracts, rev. ed., sec. 1392, p. 3886.)
 This doctrine to which we have just adverted suggests an explanation of the proviso in section 3343 to the effect that nothing in the section shall be deemed to deny to any person having a cause of action for fraud any legal or equitable remedies to which such person may be entitled. But it cannot avail plaintiffs because it does not appear that there was any covenant of the existence of a fireplace in the deed taken by plaintiffs. The proviso would also have authorized plaintiffs to rescind the purchase had they seen fit to take such action. But in view of the failure of the plaintiffs to rescind the purchase it is evident that the judgment of the trial court was correct. It is therefore affirmed.
 Foley, J., and Griffin, J., concurred.